Case No. SACV 11-00480 DOC (PLAx)                          Date: June 21, 2011

Title: THELMA S. WARNER v. WELLS FARGO BANK, N.A., ET AL.

PRESENT:

             THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                        NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANT'S MOTION TO DISMISS

       Before the Court is a Motion to Dismiss filed by Defendant Wells Fargo Bank, N.A. ("Moving Defendant") in the above-captioned case ("Motion") (Docket 5). After considering the moving, opposing, and replying papers, and for the reasons advanced below, the Court GRANTS the Motion.

      **I.**      **BACKGROUND**

       Plaintiff borrowed $295,000.00 from World Savings Bank ("World Savings") in August 2006 Complaint ("Compl."), ¶ 11. This loan was secured by Plaintiff's residence, a property located at 646 South Westchester Drive, Anaheim, CA 92804 ("Subject Property"). *See id.* at 12. At the time that Plaintiff took out her loan from World Savings, World Savings was a federal savings bank overseen by the Office of Thrift Superivision ("OTS"). Mov. Def.'s RJN, Exh. F.[1] World Savings

---

[1] This exhibit is a Certificate of Corporate Existence issued by the Office of Thrift Supervision on April 21, 2006, attesting to World Saving's status as a federal savings bank ("OTS Certificate"). In general, a court cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b). A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss to one for summary judgment. *Barron v. Reich*, 13 F.3d

changed its name to Wachovia Mortgage, FSB on December 31, 2007 and later became a division of Moving Defendant Wells Fargo Bank, N.A. *Id.* at Exhs. F, J, I and J.[2]

A foreclosure sale occurred on the Subject Property in summer 2010. As a result of various alleged deficiencies in the loan and foreclosure process, Plaintiff filed suit in Orange County State Court on February 23, 2011. Defendants removed to federal court on March 28, 2011. Moving Defendant now brings the instant Motion requesting dismissal of all of Plaintiff's claims.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc.*

---

1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). The Court takes Judicial Notice of World Saving's OTS Certificate.

[2]The Court takes judicial notice of these documents for the reasons advanced in the previous footnote.

*v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*.

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

In its Motion, Moving Defendant requests dismissal of each of the seven causes of action asserted against it in the Complaint. Plaintiff, in her opposition to Defendant's Motion, makes no mention of four out of these seven causes of action, choosing instead to discuss only her claims for (1) violation of Cal. Bus. & Prof. Code § 17200, (2) breach of contract, and (3) violation of Cal. Civ. Code § 2923.5. Under Local Rule 7-12, Plaintiff's failure to oppose Moving Defendant's request to dismiss Plaintiff's claims for (1) wrongful foreclosure, (2) violation of Cal. Civ. Code § 1923.6, (3) promissory estoppel, and (4) declaratory relief may be deemed consent to the granting of Moving Defendant's Motion with respect to these claims.

Accordingly, Moving Defendant's Motion to dismiss is GRANTED for Plaintiff's causes of action for (1) wrongful foreclosure, (2) violation of Cal. Civ. Code § 1923.6, (3) promissory estoppel, and (4) declaratory relief. These claims are DISMISSED WITH LEAVE TO AMEND.

The Court proceeds to consider Moving Defendant's arguments regarding Plaintiff's remaining three claims.

#### a. California Business and Professions Code § 17200 *et. seq.*

Plaintiff's first cause of action accuses Moving Defendant of violating Cal. Bus. & Prof. Code § 17200 *et. seq.* ("Section 17200"). The allegations of Plaintiff's Complaint fall far short of stating a claim under this code provision. Although Plaintiff refers repeatedly to Moving Defendant's "illegal acts," Plaintiff's only attempt to describe these allegedly wrongful acts states, in conclusory fashion, that Moving Defendant did "not contact Plaintiff regarding their application for a home loan modification violation of unfair business practice." Compl., ¶ 23. This type of unsupported assertion,

devoid of any specifics, does not survive a 12(b)(6) challenge.[3] *Iqbal*, 129 S.Ct. at 1949.

In addition, without the necessary factual allegations, the Court is at a loss to determine whether Plaintiff's Section 17200 claims are preempted by federal law. As a federal savings bank, World Savings's actions are governed by the Home Owners Loan Act, 12 U.S.C. § 1461 *et. seq.* ("HOLA"). HOLA expressly preempts many state laws relating to mortgage services, including laws regarding "terms of credit," "[d]isclosure and advertising," and "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(4), (b)(9)-(10). Whether HOLA preempts Section 17200 claims relating to mortgage services appears to depend on the factual circumstances of the case. *See DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1125 (N.D. Cal. 2010); *Silvas v. E*trade Mortg. Co.*, 514 F.3d 1001, 1005 (9th Cir. 2008). Here, Plaintiff's complaint fails to sufficiently describe the relevant factual circumstances. The possibility of federal preemption means that Plaintiff's Section 17200 claim, as currently pled, cannot stand.

The Court therefore GRANTS Moving Defendant's Motion with respect to Plaintiff's claim under Section 17200. This claim is DISMISSED WITH LEAVE TO AMEND.

      **b.**      **Breach of Contract**

Plaintiff's breach of contract claim is premised on Plaintiff's alleged status as a third party beneficiary to the Service Participation Agreement ("SPA") entered into between Moving Defendant and the federal government as part of Defendant's participation in the Home Affordable Modification Program ("HAMP"), a facet of the Troubled Assets Relief Program ("TARP") passed in 2008 in response to the unprecedented financial crisis. Moving Defendant contends that Plaintiff lacks standing to pursue this claim.

The Supreme Court recently considered an issue very similar to the one presented here in *Astra USA, Inc. v. Santa Clara County*, — S. Ct. —, 2011 WL 1119021 (March 29, 2011). *Astra* involved a third-party beneficiary theory brought by health care facilities that had been over-charged by pharmaceutical companies in violation of the Pharmaceutical Pricing Agreement ("PPA"), which the pharmaceutical companies had entered into with the United States Department of Health and Human Services. *Id.* at *1. The PPA was created pursuant to the Public Health Services Act ("PHSA"),

---

[3]By contrast, Moving Defendant's companion argument that Plaintiff lacks standing to pursue a Section 17200 claim because "[a]ny losses sustained by plaintiff occurred because she borrowed money from . . . World Savings that she did not repay," Mov. Def.'s Mot. at 11, is not well taken. Presumably, Plaintiff's Section 17200 claim arises from Plaintiff's belief that Moving Defendant's wrongful actions made it impossible for her to repay her loans. It would put the proverbial cart before the proverbial horse to hold that Plaintiff's inability to make her loan payments robs her of standing to assert a claim under Section 17200.

42 U.S.C. § 256b. *Id*. In passing PHSA, Congress provided no private right of action to enforce its provisions. *Id*. Upon reviewing these facts, the Supreme Court held that allowing health care facilities to sue as third party beneficiaries to the PPA was "incompatible with the statutory regime." *Id*. The Court reasoned that since the PPA agreements serve as the mechanism by which pharmaceutical companies opt-in to PHSA's statutory scheme, a third-party private action would amount to direct enforcement of the PHSA. *Id*. at *5.

Likewise, Moving Defendant – and other banks – opt-in to the TARP and HAMP statutory scheme by signing the SPA with the United States Treasury. Allowing the Plaintiffs to enforce the SPA under a third-party beneficiary theory would open a "backdoor" to a private right of action to enforce HAMP. As the Supreme Court held in *Astra*, this kind of third party beneficiary theory is "incompatible with the statutory regime." *Id*.

Accordingly, the Court GRANTS Defendant's Motion to dismiss Plaintiff's cause of action for breach of contract. This claim is DISMISSED WITH PREJUDICE.[4]

### c. California Civil Code § 2923.5

Moving Defendant finally requests dismissal of Plaintiff's claim under Cal. Civ. Code § 2923.5 ("Section 2923.5"). Plaintiff's allegations under § 2923.5 cannot survive in light of the fact that the foreclosure sale of the Subject Property occurred prior to the filing of this complaint. Compl., § 38 (alleging that the Trustee's sale occurred on July 26, 2010). The California Court of Appeals has stated that "there is nothing in § 2923.5 that even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale. ... [T]he only remedy provided is a postponement of the sale *before* it happens." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010) (emphasis in original). Plaintiff accordingly has no viable claim for relief under Section 2923.5.

The Court therefore GRANTS Moving Defendant's Motion to dismiss Plaintiff's cause of action under Section 2923.5. This claim is DISMISSED WITH PREJUDICE.[5]

---

[4]Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). No amount of amendment will change the fact that Plaintiff lacks standing to directly enforce HAMP via a third-party beneficiary theory.

[5]Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). No amount of

## VI. DISPOSITION

For the reasons set forth above, the Court GRANTS Moving Defendant's Motion to dismiss. Plaintiff's claims for breach of contract and for violation of Cal. Civ. Code § 1923.5 are DISMISSED WITH PREJUDICE. The remainder of Plaintiff's claims are DISMISSED WITH LEAVE TO AMEND.

Plaintiff shall file any amended complaint by July 12, 2011.

The Clerk shall serve this minute order on all parties to the action.

---

amendment will change the fact that Plaintiff has no remedy under Section 2923.5.